THE PEOPLE, ex rel. MARY R. BRUSH et al., Respondents, *v.* JOHN R. BROWN, Appellant.

On appeal to the General Term from an order of Special Term dismissing a writ of *habeas corpus*, requiring defendant to produce F., an infant, the order was reversed and proceedings remitted to the Special Term for a new hearing. On such hearing an order was made remanding F. to the custody of the relators. A motion was thereupon made to set aside such order on the ground that the Special Term had no jurisdiction to make it, which motion was denied. *Held*, that the order thereon was not reviewable here ; that conceding the order sought to be set aside was without jurisdiction, it was within the discretion of the court either to set it aside, or to leave the defendant to set up the invalidity of the order when an attempt should be made to enforce it.

(Argued November 23, 1886 ; decided December 7, 1886.)

THIS was an appeal from an order of General Term which denied a motion, on the part of defendant, to set aside a former order herein. The proceeding was by *habeas corpus* to obtain possession and control of the person of Francis C. Brown, an infant. On the hearing on return to the writ, the Special Term dismissed the writ and remanded the infant to the custody of the defendant. On appeal the General Term reversed the order and remitted the proceedings to the Special Term for a rehearing. (Reported 35 Hun, 324.) On the rehearing no one appeared for defendant, and an order was made remanding the infant to the custody of the relators. Thereupon a motion

was made to set aside that order on the ground that the court had no jurisdiction to make it.

The following is the *mem.* of opinion :

" This appeal is brought upon the theory that the General Term, on reversing the order at Special Term dismissing the writ of *habeas corpus*, had no jurisdiction or power to direct a new hearing on the writ at Special Term, and that consequently the order made at Special Term on the rehearing, remanding the infant Francis C. Brown to the custody of the relators, was without jurisdiction and void.

" On that ground the appellant moved at Special Term to set aside the last-mentioned order, and his motion having been denied and the denial affirmed at General Term, he now appeals to this court.

" We are of opinion that the appeal cannot be entertained. Even if it should be assumed that the order which the appellant sought by the motion to set aside was made without jurisdiction and was void, the appellant would not have an absolute right to demand that it be set aside on motion.   It was within the discretion of the court below whether to grant that relief, or to leave the appellant to set up the invalidity of the order whenever an attempt should be made to enforce it against him, or to obtain any benefit thereunder.   No appeal, therefore, lies to this court from a refusal by the court below to set aside such an order on motion.   This precise point was decided in the case of *Foote* v. *Lathrop* (41 N. Y. 358), and has been affirmed in several subsequent cases.

" The appellant was constrained to base his motion, as he did, on the ground that the orders were absolutely void, because if they were not void, but simply erroneous, his remedy was by appeal and not by motion to set aside.

" The appeal should be dismissed, with costs."

*E. H. Benn* for appellant.

*John A. Deady* for respondents.

Rapallo, J., reads *mem.* for dismissal of appeal.
All concur.
Appeal dismissed.