PUTZEL *v.* SHULHOFF *et al.*

(*Superior Court of New York City, General Term.* February 6, 1890.)

TRIAL BY COURT—FAILURE TO FIND FACTS.

    In an action by a receiver to set aside transfers of property alleged to have been
made with intent to defraud creditors, tried by the court at special term without a jury, a judgment was entered adjudging the transfers void, and directing defendants to account to the receiver for the property. *Held* that,
as the court had made no findings of fact or conclusions of law, and as there had
been no direction to enter judgment thereon, as required by Code Civil Proc. N. Y.
§ 1022, the general term of the superior court would not review the provisions of
the judgment, but would remand the case to the special term, to be decided as provided by law.

Appeal from special term.

Action by Charles Putzel, as receiver, etc., against Richard L. Shulhoff and
others. Judgment was entered for plaintiff, and defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Stephen C. Baldwin,* for appellants. *Wm. King Hall* and *Albert Bach,* for
respondent.

INGRAHAM, J. This action was commenced by plaintiff as receiver of the
choses in action, equitable assets, and the property of Richard L. Shulhoff,
appointed by the city court of New York, in supplementary proceedings under
section 2464 of the Code, to set aside the assignment made by said Shulhoff to
one Lowe for the benefit of creditors, and a transfer by said Lowe to the defendant Krause, and by Krause to the defendant Clara Shulhoff, of all the
assigned estate, on the ground that the said assignments and transfers were
made with intent to hinder, delay, and defraud creditors. The action was
tried at special term by the court without a jury, and the record shows that
certain requests to find were presented by plaintiffs and by the defendants.
Such requests were passed upon by the court as required by section 1023 of the
Code. No decision of the court appears to have been filed as required by section 1022 of the Code. That section requires that the decision of the court, or
the report of the referee, upon the trial of the whole issues of fact, must state
separately the facts found, and the conclusions of law, and it must direct the
judgment to be entered thereupon. This section does not appear to have
been followed. It appears by the record that a judgment was subsequently
entered. It adjudges the assignment void, and it directs the defendants to
forthwith account for, pay, and deliver all the money and other property assigned to said Lowe, and subsequently transferred by a bill of sale to the defendants Krause and Shulhoff, and the value and proceeds thereof, and also
the policies of insurance thereon, or any part thereof, to the plaintiff, at his
office, to the extent of the amount of the judgment recovered in the action in
which plaintiff was appointed receiver. It also further directs that the defendants Richard L. Shulhoff and Clara Shulhoff do forthwith account for,
pay, and deliver to the said receiver, at his office aforesaid, all the moneys alleged to have been saved by the defendant Clara Shulhoff out of allowances
made to her by said defendant Richard L. Shulhoff for household expenses,
and which savings she had in her possession at the time of the execution of
said assignment, and which amount to upwards of $500, to the extent of the
aggregate amount of said judgment, with interest thereon, and with the legal
fees of the plaintiff as receiver of the goods as aforesaid. It further orders
that the plaintiff have a valid lien upon all such property and money, in whosesoever hands the same may be; and the judgment also directs a personal

judgment against defendants for the amount of the plaintiff's claim, with interest and costs.

If the judgment was in a condition for review, we do not think that all of its provisions could stand. If the plaintiff is entitled to a judgment against the defendants jointly, an accounting is unnecessary and improper. If an accounting is necessary, the judgment is interlocutory, and there should be no formal judgment until the accounting has been had. The judgment contains no provisions for an accounting before a referee, or other officers appointed for that purpose, but by the judgment the plaintiff seems to occupy the position of plaintiff, who is to receive the money, referee, who is to pass upon the extent of the defendant's liability, and receiver, who is to execute the judgment,—and all this by a formal judgment which provides for no report to the court, nor method of review, if the decision of the plaintiff in favor of himself should not be satisfactory to the defendants. I do not think this is in accordance with the practice in cases of this character.

Nor do we think that the provision of the judgment that the policies of insurance on the property transferred to the defendant Clara Shulhoff should be transferred to the plaintiff is proper, or that the policies are subject to the claim of the creditors. The policies were not taken out for the benefit of the judgment debtor or his creditors, and were not paid for with his property. In *Loos* v. *Wilkinson,* 113 N. Y. 500, 21 N. E. Rep. 392, it was held that insurance taken out by a fraudulent transferee of property, which was taken out for his own benefit, could not be enforced in favor of the creditors.

Nor do we think that on the evidence the defendant Clara Shulhoff was liable to the plaintiff for the money that she had saved from the money she had given her for household expenses. The evidence shows that money to have been given to her by her husband long before he was insolvent, and we think it belonged to her.

Nor do we see any evidence to justify the provision that the plaintiff have a valid lien on all the property, etc., of the judgment debtors.

We think, however, that there has been no decision of the case, as required by section 1022, and that we should not review the provisions of that judgment. Whether this judgment was entered by the court or was entered by the clerk, under section 1228 of the Code, does not appear; but, in the absence of a decision of the court directing the judgment to be entered, it appears to be entirely unauthorized. I think, therefore, the judgment should be reversed, with costs to the appellant to abide the event, and the case remanded to the special term, to be decided as provided for by section 1022 of the Code.