## CLASON *et al. v.* BALDWIN.

(*Supreme Court, General Term, First Department.* February 11, 1891.)

APPEAL—DISMISSAL.

On the trial of an action against an executrix before a referee, he found, as a conclusion of law, against the defendant individually, but in his report omitted to direct the judgment to be entered thereupon, as required by Code Civil Proc. N. Y. § 1022. Judgment was entered against the defendant as executrix. *Held,* that though the referee's finding of fact did not authorize his conclusion of law against the defendant individually, but established a *prima facie* case against her as executrix, the judgment was unauthorized and irregular, and that the appeal therefrom on the merits must be dismissed, without prejudice, however, to defendant's right to appeal when the judgment had been properly entered.

Appeal from judgment on report of referee.

Action by Josephine F. Clason and another as executors of William Jones Clason, deceased, against Elizabeth S. Baldwin, as executrix of George R. Baldwin, deceased. For former report, see 9 N. Y. Supp. 609.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Isaac N. Miller,* for appellant. *Thomas M. Wyatt,* for respondent.

BRADY, J. This action was brought against the defendant, as the executrix of her husband, who was the assignee of a lease demising the premises No. 42 Sheriff street, in the city of New York. The facts found by the referee establish her liability *prima facie*, and the second conclusion of law found by the referee is that the plaintiffs, as executors, are entitled to judgment against the defendant, omitting her designation as executrix. Section 1022 of the Code provides "that the decision of the court or report of the referee, upon the trial of the whole issues, must state separately the facts found and the conclusions of law, and it must direct the judgment to be entered thereupon." There was no such direction made by the learned referee, and the judgment must have been entered by the clerk, who is not gifted with the authority in such a case to enter it according to his own views. This case is an illustration of the absolute necessity of the direction referred to, inasmuch as the judgment entered is against the defendant, Mrs. Baldwin, as executrix, when the finding declares that the plaintiffs are entitled to a judgment against her individually. This case is somewhat similar to *Putzel* v. *Shulhoff*, reported in 8 N. Y. Supp. 651, in which the general term refused to review the judgment, and remanded it to the special term, having been tried in that branch of the court, and not before a referee, to be decided as provided for. A somewhat similar disposition must be made of this case. The defendant appeals as executrix, thus assuming that the judgment was regular, but nevertheless takes the point on the appeal, through her counsel, that the judgment is not in accordance with the conclusion of law, and wholly unauthorized, inasmuch as it ought to be against the estate which the defendant represents, when in fact the legal conclusion is against her individually, and there is no direction for entering the judgment, as required by the section of the Code already mentioned. The findings of fact do not authorize a judgment against her individually, but *prima facie*, assuming them to be correct, against her as executrix, to enter which, however, as already said, no direction is given. The judgment entered, therefore, was wholly unauthorized, and is irregular. The appeal must therefore be dismissed, and the case remitted for correction, but without prejudice to the right of the appellant to appeal from the judgment when it shall have been properly entered. All concur.