DEVLIN *v.* MAYOR, ETC., OF CITY OF NEW YORK *et al.*

(*Common Pleas of New York City and County, General Term.* April 6, 1891.)

REFERENCE—REPORT OF REFEREE.

    Code Civil Proc. § 1022, provides that the report of a referee "must direct the judgment to be entered thereupon." *Held*, that it is not thereby intended that the referee must formulate the judgment, but that the said provision will be complied with if from the report the particular form and terms of the judgment to which the successful party is entitled can be ascertained and pronounced by the court. Following *Hinds* v. *Kellogg*, *ante*, 922.

Appeal from special term.

[1]2 N. Y. Supp. 831.

Action by John B. Devlin, administrator, against the mayor of New York and others. The defendant appeals from an order denying a motion made by him to restrain the plaintiff from entering judgment on a referee's report, upon the alleged ground that it does not direct the judgment to be entered thereon pursuant to Code Civil Proc. § 1022, which provides that the report of a referee "must direct the judgment to be entered thereupon."

Argued before ALLEN, P. J., and BISCHOFF, Jr., and PRYOR, JJ.

*William H. Clark,* (*Franklin Bartlett,* of counsel,) for appellant. *T. C. Cronin, R. S. Newcombe,* and *E. Schenck,* for respondents.

BISCHOFF, J. The third, fourth, fifth, sixth, and seventh conclusions of law, as set forth in the referee's report, in concise and unmistakable terms settle the form and amount of the several judgments to be entered in favor of the plaintiff, and the defendants other than the mayor, etc., of New York; and this is a sufficient compliance with the requirement of section 1022 of the Code of Civil Procedure that the report "must direct the judgment to be entered thereupon." *Hinds* v. *Kellogg, ante,* 922, (N. Y. common pleas, general term, November, 1890, the opinion in which is handed down herewith.) In this view of the main question presented upon this appeal, it is immaterial whether or not the defendants, the mayor, etc., of New York, have waived the objection to the report arising from the alleged omission of the referee to direct the judgment, by moving to compel the parties entitled thereto to enter judgment upon the report. Our conclusion that the report is sufficient to authorize the entry of judgment preserves the right to cause such entry to be made without regard to the alleged waiver. The order appealed from must be affirmed, with costs.