Bookstaver, J.
The ground of this motion is that the Referee did not in his report direct the judgment to be entered thereupon as required by section 1022 of the Code of Civil Procedure. This section among other things provides that the report of the Referee upon the trial of the whole issue of fact, must direct the judgment to be entered thereupon. Instead of doing this, the referee in the last paragraph of his report, said: “ The question as to whom the said moneys shall be paid, and the question as to the right and interests of the defendants herein—other than the Mayor, Aldermen and Commonalty of the city of New York—to the sum or sums of money found due herein from the said cityi are hereby reserved for further consideration as by the said order of reference is provided.’’
*316 The first order of reference in this matter was made-as far back as the year 1865, and a long trial was had thereunder. The judgment upon the report of the referee on that trial was reversed by the general term of this court in 1875, and on appeal to the court of appeals the decision of the general term was reversed and a new trial ordered. On the 20th of November, 1876, a new order of reference was made which contained the provision referred to in the referee’s report. Subsequent to that time there were various changes of referees made, either on account of death or resignation ; and finally Abram Wakeman, Esq., was appointed referee by an order of this court, dated July 26, 1890. Both the orders of November, 1876, and of July, 1890, now remain in full force, and have never been vacated or set aside. All the parties to the action have acted under both orders, and the various corporation counsels having charge of the action, have treated them as valid orders and acted on them as such. After the report of the referee was filed, a motion was made for an extra allowance, and granted by this court. The costs have been taxed by the parties obtaining judgment without objection. The parties in interest have stipulated as to the respective amounts to be paid to each person. The corporation counsel, acting for the defendant, the Mayor, etc., made a motion to compel the entry of judgment on such report; the form of this judgment was agreed upon and the order settled. I think it is now too late for the counsel to the corporation to raise the question presented, and that the defendant, the Mayor, etc., must be regarded as having waived any irregularity there may have been in the order or the report of the referee. If anything further remains to be done under the report presented, a new referee may be appointed in order to determine the question as to whom the *317 money shall be paid, or the rights and interests of the defendants other than the Mayor, etc.
Franklin Bartlett (William H. Clark, corporation counsel) for appellants.
I. The failure of the referee’s report to direct judgment as required by Code Civ. Pro. § 1022, was a fatal error (Citing Code Civ. Pro. §1022; McNaughton v. Osgood, 114 N. Y. 574; Central Trust Co. v. N. Y. City and Northern R. R. Co., 18 Abb. N. C. 410; Benjamin v. Allen, 35 Hun., 115).
II. The general rule of waiver can not be invoked *318 against a municipal corporation (Citing Seaver v. The Mayor, 7 Hun, 331; Brooks v. The Mayor, 12 Abb. N. C. 350.) .
*317 The motion must therefore be denied, without costs.
The order having been appealed from, the general term opinion was as follows :
Bischoff, J.
The third, fourth, fifth, sixth and seventh conclusions of law as set forth in the referee’s report in concise and unmistakable terms, settle the form and amount of the several judgments to be entered in favor of the plaintiff and the defendants other than the Mayor, etc., of New York, and this is a sufficient compliance with the requirements of section 1022 of the Code of Civil Procedure that the report “ must direct the judgment to be entered thereupon ” (Hinds v. Kellogg, 37 State Rep., 356).
In this view of the main question presented upon this appeal, it is immaterial whether or not the defendants, the Mayor, etc., of New York, have waived the objection to the report arising from the alleged omission of the referee to direct the judgment, by moving to compel the parties entitled thereto to enter judgment upon the report. Our conclusion that the report is sufficient to authorize the entry of judgment preserves the right to cause such entry to be made without regard to the alleged waiver.
• The order appealed from must be affirmed with costs.
*318 III. The decision of the general term is unsound.
T. C. Cronin for respondent.
The doctrine of I. estoppel set forth in the opinion of the special term is a complete answer to the motion (Citing Juliand v. Grant, 34 How Pr. 132 ; Russell v. Mayor, 1 Daly, 263 ; O’Leary v. Board etc., 93 N. Y. 1; Curren v. Mayor, 79 Id., 514).
[The court of appeals affirmed the order June, 1891, without opinion.]