LONGSTREET *v.* SAWYER *et al*

(*Supreme Court, Special Term, Niagara County.    June 29, 1891.*)

SECURITY FOR COSTS—ACTION IN SUPREME COURT—POWER OF COUNTY JUDGE.
    Code Civil Proc. N. Y. § 241, which provides that "a county judge, within his county, possesses * * * the power conferred by law, in general language, upon an officer authorized to perform the duties of a justice of the supreme court at chambers," does not authorize a county judge to grant an order requiring security for costs in an action pending in the supreme court; section 3272 providing that an order for security for costs must be made by "the court in which the action is pending, or * * * a judge thereof."

Action by Aaron Longstreet against Cyrus M. Sawyer and others.    Plaintiff moves to vacate an order of the county judge, requiring security for costs. Code Civil Proc. N. Y. § 241, is as follows:    "A judge of a superior city court, within his city, and a county judge, within his county, possesses, and upon proper application must exercise, the power conferred by law, in general language, upon an officer authorized to perform the duties of a justice of the supreme court at chambers, or out of court."    Section 3272 provides that, "where security for costs is required to be given, the court in which the ac-

tion is pending, or   *   *   *   a judge thereof, must make an order requiring the plaintiff to give such security."

*Henry M. Davis*, for plaintiff.   *Burrall & Parker*, for defendants.

DANIELS, J.   The same reason seems to support the conclusion that a county judge is unauthorized to make the order requiring security for costs to be filed as there was for holding that he could not by order shorten the time for making a motion.   The language is very much the same in this instance. In the latter it is that the order may be made by the court or a judge thereof, which has been held to exclude the county judge.   *Larkin* v. *Steele*, 25 Hun, 254; *People* v. *Supervisors*, 3 How. Pr. (N. S.) 242, 248.   And, in the case of security, the order, by section 3272 of the Code of Civil Procedure, is to be made by the court in which the action is pending, "or" "a judge thereof."   The reason which was deemed sufficient to restrict this language to a judge of the court in which the action should be pending when the time in which the motion was to be regulated will impose the same restrictions on the more important order directing the filing of security for the costs; and it must accordingly be held that the order of the county judge in this case was not authorized by section 241 of the Code of Civil Procedure, and the motion must be granted; but as the point has been newly presented, it will be without costs.