(10 Misc. Rep. 384.)

ABRAM FRENCH CO. v. MARX.

(Common Pleas of New York City and County, General Term. December 3, 1894.)

APPEAL—TO COURT OF COMMON PLEAS—DISCRETION OF CITY COURT.
    The action of the city court of New York in refusing to vacate a judgment, being discretionary, is not reviewable on appeal to the common pleas.

Appeal from city court, general term.

Action by Abram French Company against Philip Marx. From a judgment of the city court (28 N. Y. Supp. 749) reversing an order of the special term vacating a judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J.,'and BISCHOFF and PRYOR, JJ.

Samuel Mullen, for appellant.

Daniel P. Hays, for respondent.

DALY, C. J. The complaint shows that this action was commenced by a foreign corporation to recover for goods sold and delivered to defendant between October 21, 1893, and December 20, 1893. Judgment was entered for default of answer on January 11, 1894, upon proof of personal service of the summons and complaint on the defendant. In March, 1894, defendant moved to vacate the judgment upon an affidavit and certificate that plaintiff had not filed in the office of the secretary of state the certificate required by chapter 687, §§ 14, 15, Laws 1892, as a condition precedent to the transaction of business and the maintenance of actions by foreign corporations. The motion was granted at special term, and an order made vacating the judgment, with leave to defendant to come in and defend. This order was reversed at the general term, and from such reversal this appeal is taken.

We have no power to disturb the disposition which the city court has made of the case. It was discretionary with that court to refuse to set aside a judgment regularly entered. No party has a substantial right to have a regular judgment set aside on motion. He may be left to his right to show that the judgment is void, in a proper action. Foote v. Lathrop, 41 N. Y. 358. It is in the discretion of the court in which the judgment is entered to set it aside, or to leave the party to set up its invalidity when an attempt is made to enforce it. People v. Brown, 103 N. Y. 684, 9 N. E. 327. These cases hold that an order in such a case is not reviewable in the court of appeals, and, as our jurisdiction on appeals from the city court is equally limited, we cannot review the order now before us. In the authorities cited, it is suggested that the appellants in those cases were not remediless, because, notwithstanding the refusal of the court to set aside the judgment or order complained of, the aggrieved party might show the invalidity of such judgment or order when any attempt to enforce them was made. Those cases differ, however, from the one at bar. In the first action the summons was not served upon the defendant, and the appearance for her was unauthorized; hence, the court had no jurisdiction, and the defendant was not bound by the judgment. In the next case the court had no jurisdiction to make the order complained of, and that was apparent on the record. But in the case before us the want of jurisdiction does not appear on the record, and the defendant, having been personally served with the summons, had an opportunity to defend, of which he neglected to avail himself. He could have set up by answer the disability of the plaintiff to enter into the contract, or to maintain the action, for want of filing of the certificate required by the act; but, having failed to do so, he must be held to have waived such defense as he might have had under the statute. Even had he appeared and answered, and failed to plead the statute as a bar to recovery, it would not have availed him. Boswell v. Wel-

shoefer, 9 Daly, 196. I do not, therefore, wish to be understood as suggesting that the judgment entered in the city court is not binding on defendant in all proceedings and in all courts. On the contrary, I think that it is. This affirmance is placed upon the ground that the discretion of the city court, in refusing to open his default and allow him to come in and set up the statute in question as a bar to recovery, is not reviewable in this court. The order appealed from must be affirmed, with costs and disbursements. All concur.