In the Matter of the Judicial Settlement of the Account of ELIZA-
BETH S. BALDWIN, as Executrix, etc., of GEORGE R. BALDWIN,
Deceased.

ELIZABETH S. BALDWIN, as Executrix, etc., Appellant; JOSEPHINE
F. CLASON and WILLIAM H. JACOB, Respondents.

*Judgment — power of the clerk in entering it on a referee's report where there is
inconsistency or doubt — a judgment invalid upon its face can be attacked whenever
offered in evidence.*

The clerk of the court cannot, in entering a judgment upon the report of a
referee, exercise judicial functions in determining the person against whom the
judgment is to be entered — when, in the report itself, there is an inconsistency
or a doubt as to the person against whom it should be entered.

Where the report of a referee does not direct that a judgment be entered, but
states that certain persons "are entitled to judgment against the defendant,
Elizabeth S. Baldwin," and the clerk enters judgment against Elizabeth S.
Baldwin as executrix, such judgment is not merely irregular but absolutely
void.

Where the invalidity of a judgment appears upon the face of the record, the
question can be raised whenever the judgment is offered in evidence.

APPEAL by Elizabeth S. Baldwin, as executrix of the last will and
testament of George R. Baldwin, deceased, from a decree of the
Surrogate's Court of the county of New York, entered in said Sur-
rogate's Court on the 22d day of December, 1893, confirming the
report of a referee appointed to determine the matter of the claim
presented by Josephine F. Clason and William H. Jacob against
the estate of her testator, and overruling the exceptions of said
executrix to the said report.

*Isaac N. Miller*, for the appellant.

*George W. Stephens*, for the respondents.

O'BRIEN, J.:

This proceeding was instituted by respondents, claiming to be
judgment creditors of Elizabeth S. Baldwin, as executrix of George
R. Baldwin, deceased, to compel her to render an account of her
proceedings as such executrix. In the account filed by her she dis-
puted that the respondents had recovered any judgment against her,

but by the decree appealed from it was adjudged that they were creditors and entitled to receive from her as executrix the amount of a certain judgment, the validity of which she had assailed.  The question presented, therefore, upon this appeal relates to the validity of such judgment, which was received in evidence upon the accounting, and, if admissible, properly sustained the claim of the respondents as judgment creditors.

As to such judgment it appears that in a suit brought by the respondents against Elizabeth S. Baldwin, as executrix, the matter was referred to a referee to hear and determine, and he thereafter filed his report, wherein he found as a conclusion of law, " That the plaintiffs, as executors of the last will and testament of Elizabeth Carter, deceased, are entitled to judgment against the defendant, Elizabeth S. Baldwin, as of August 6th, 1889, the date of this report, for the sum of $2,186.72, besides the costs of this action." Upon this report respondents entered a judgment against Elizabeth S. Baldwin as executrix.  From this judgment defendant appealed to this General Term, and, as one of the objections, insisted that there was no direction that it be entered as required by section 1022 of the Code of Civil Procedure, and that the clerk in entering the judgment in form as he did acted without authority.  For the reason, undoubtedly, that one could not appeal from a judgment as regular, and at the same time raise a question of irregularity, this court dismissed the appeal " without prejudice to the right of the appellant to appeal from any judgment herein which may hereafter be entered." The report of the referee was never amended, nor was anything done by either party to correct the error, and upon the judgment being introduced on the accounting it was objected to by the executrix on the ground that it was unauthorized and void, because entered by the clerk without authority and in the absence of any direction by the referee as required by section 1022 of the Code of Civil Procedure, and for the reason that the referee reported that the plaintiffs in that action were entitled to judgment against the defendant, Elizabeth S. Baldwin, whereas the judgment entered was against Elizabeth S. Baldwin as executrix.  (*Clason* v. *Baldwin,* 13 N. Y. Supp. 371.)  Notwithstanding the intimation that the judgment thus entered was irregular and unauthorized, as stated, nothing was done to correct the defect in its entry, and the

judgment roll was admitted in evidence on the accounting upon the authority of two cases (*Devlin* v. *The Mayor*, 27 Abb. N. C. 311; *Hinds* v. *Kellogg*, 133 N. Y. 536), decided since the decision of *Clason* v. *Baldwin* (*supra*), in which, it is asserted, a different view was taken by the Court of Appeals.

In *Devlin* v. *The Mayor*, although the report of the referee did not determine the question as to the right of the defendants between themselves, and, therefore, did not comply with the Code of Civil Procedure (§ 1022) by directing the judgment to be entered, this was held not to affect the judgment which was subsequently entered, for the following reasons stated in the opinion of the Special Term of the Court of Common Pleas: "The parties in suit have stipulated as to the respective amounts to be paid to each person. The corporation counsel * * * made a motion to compel the entry of judgment on such report. The form of this judgment was agreed upon and the order settled. I think it is now too late for the counsel to the corporation to raise the question presented, and that the defendant, the Mayor, etc., must be regarded as having waived any irregularity there may have been in the order or the report of the referee." And at the General Term of the Court of Common Pleas it was said that "the report in concise and unmistakable terms settled the form and amount of the several judgments to be entered in favor of the plaintiff and the defendants other than the Mayor, etc., of New York, and this is a sufficient compliance with the requirements of section 1022 of the Code of Civil Procedure." In this opinion the case in the Court of Common Pleas of *Hinds* v. *Kellogg* (37 N. Y. St. Repr. 356) is cited and relied upon as an authority.

In that case (*Hinds* v. *Kellogg*) it was held that the requirement of section 1022 of the Code is satisfied if, "from the whole or any part of the referee's report, the particular form and the terms of the judgment to which the successful party is entitled can be ascertained." This case was affirmed by the Court of Appeals (133 N. Y. 536), and is, therefore, upon the point decided a controlling authority. There, "the referee's conclusion of law in concise and unambiguous terms states the amount of recovery to which the plaintiff is held to be entitled, and judgment thereupon was properly entered."

In the case under consideration, while the amount to which the plaintiff was entitled is definitely fixed, there is an inconsistency

between the findings of fact and the conclusion of law as to the person against whom the referee reports, and the precise question here is: Could the clerk, upon such a report, and in the absence of any direction as to the judgment to be entered, disregard the referee's conclusion that the judgment was against the defendant individually, and, as was here done, enter it against her as executrix? By section 1228 of the Code it is provided that "judgment upon such a report, or upon the decision of the court upon the trial of the whole issue of fact without a jury, may be entered by the clerk as directed therein upon filing the decision or report." This is undoubted authority in a proper case for the entry of a judgment by the clerk without application to the court; but there seems to be neither statutory nor other authority which confers upon the clerk the right to exercise judicial functions in determining the one against whom the judgment is to be entered when in the report itself there is an inconsistency or a doubt as to the person against whom it should be entered.

Upon examination of the entire report it is evident that the clerk entered it against the proper person, but that he did it without authority is equally clear, and the question presented is, whether that was a nullity or an irregularity. This General Term inclined to the view that it was a nullity, as shown by the opinion upon the former appeal; but the two cases referred to of *Devlin* v. *The Mayor* and *Hinds* v. *Kellogg* (*supra*), both of which have been affirmed in the Court of Appeals, seemingly support the view that a judgment so entered is an irregularity merely and does not render the judgment itself void. And in the opinion of the General Term of the Court of Common Pleas in *Hinds* v. *Kellogg*, authorities are cited in support of two propositions: (1) That an omission to apply to the court for judgment where such application is necessary to the entry of judgment is an irregularity only and does not render the judgment void; (2) that so long as the judgment is permitted to stand its validity is in no wise affected or impaired because of any irregularity in the entry thereof.

While the cases cited are undoubted authority for the proposition that the mere absence in the report of a direction as to the judgment to be entered does not affect the validity of the judgment which has been entered in accordance with what from the report is clearly

shown to have been the determination or decision of the referee, this is a very different thing from saying that, where an inconsistency appears in the report as to which of two persons the referee has decided against, such conflict can be reconciled or adjusted by the clerk in accordance with his notions of what may have been the conclusion at which the referee should have arrived and of the form of judgment which he should have instructed him to enter. In one case the entering of a judgment upon a report, in all other respects clear and unambiguous, and merely in the absence of a direction, may not involve the exercise of any judicial power ; but the reconciling of differences or inconsistencies in a referee's report necessarily involves such exercise ; and as we find neither statutory nor other authority for it, it would seem that the attempt to exercise such power would be more than an irregularity because unauthorized, and as a consequence a judgment so entered would be invalid and void. If it is within the province of the clerk in a case like this, where the conclusion of the referee reads that one is individually indebted to another, to disregard this because of something else in the report, and enter a judgment against such person as an executrix, then we do not see why the clerk would not be authorized in a case where the referee in terms has decided as against one person, to say that the referee has made a mistake, and thereupon, without direction from the court or referee, to enter judgment against an entirely different person, if, in his opinion, that was the logical conclusion to draw from a reading of the entire report. We think that no such duty devolves upon the clerk, and that should he assume any such functions his act in so doing is unauthorized and void.

When the judgment roll was presented in evidence this defect appeared upon the face of the record, and the objection to it was properly taken, and it is no answer to say that because the judgment was permitted to stand its validity could not thereafter be assailed, because it is only in respect to irregularities or informalities in the entry that it is to be regarded as valid while it stands, but it has no such binding force when the defect apparent upon the face of the judgment roll shows that the judgment itself is a nullity, because that question can be raised at any time when the judgment is sought to be enforced. As held in *People ex rel. Brush* v. *Brown* (103 N. Y. 684): It is in the discretion of the court in which the judgment is

entered to set it aside or to leave the party to set up its invalidity when an attempt is made to enforce it. (See, also, *Foote* v. *Lathrop,* 41 N. Y. 358; *Abram French Co.* v. *Marx,* 10 Misc. Rep. 384.) Here then, the invalidity of the judgment appearing upon the face of the record, the question could be raised whenever the judgment was offered in evidence. It having been so offered, and against objection having been admitted, this was error which lies at the basis of the surrogate's decree.

The decree, therefore, should be reversed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Decree reversed, with costs.