JACKSON v. BRUNOR et al.

(Supreme Court, Appellate Term, First Department. June 25, 1896.)

1. JUDGMENT—SETTING ASIDE DEFAULT AGAINST INFANT—DISCRETION.
   It is a matter within the discretion of the court to vacate a judgment rendered against an infant by default, or to leave him to show that the judgment is void if an attempt should be made to enforce it. 38 N. Y. Supp. 110, affirmed.

2. INFANCY—DEFAULT JUDGMENT AGAINST INFANT.
   Code Civ. Proc. § 1218, providing that "a judgment by default shall not be taken against an infant defendant until 20 days have expired since the appointment of a guardian ad litem," is directory, and does not render a judgment entered within such time void, but merely provides that the 20 days within which an infant must answer shall run from the appointment of his guardian ad litem, and not from the date of the summons.

Appeal from city court of New York, general term.

Action by John B. Jackson against Emile Brunor and another to recover a balance of $163.50 for certain printing done by plaintiff for defendants. An order denying a motion to open a default taken against defendant Emile Brunor on failure to comply with certain terms imposed as a condition of granting such motion, was affirmed by the city court (38 N. Y. Supp. 110), and said defendant Brunor appeals. Dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Eugene Cohn, for appellant.

Lyman Rindskopf, for respondent.

DALY, P. J. The defendants were sued as co-partners on a cause of action for work, labor, and services, and judgment was regularly entered against them for default of answer. The defendant Emile Brunor subsequently moved, by his guardian ad litem, to set aside the judgment for irregularity; and the affidavits upon his motion set forth that he was a few months over 19 years of age, and that no guardian ad litem was ever appointed to represent him in the suit until after the entry of the judgment. The court decided that the judgment was not defective or irregular, that infancy must be pleaded, and that the motion to open, vacate, and set aside the judgment was granted on condition that the defendants give an

undertaking to pay any judgment, and that they pay $25 costs. A motion for reargument was made on the ground that the court overlooked section 1218 of the Code, providing that "a judgment by default shall not be taken against an infant defendant until twenty days have expired since the appointment of a guardian ad litem for him." The motion for reargument was denied, and it was ordered that the defendant give an undertaking, with sureties, to pay any judgment that plaintiff may recover in the action, and pay $25 costs within five days, and in that event the motion to open the default and vacate and set aside the judgment will be granted, and that defendant have six days to comply with the said conditions, and, if he fail to do so, in that event the motion should be denied.

Judgment by default taken against an infant plaintiff without the appointment of a guardian ad litem is not void, but voidable. McMurray v. McMurray, 66 N. Y. 175. It is discretionary with the court to set aside a judgment by default regularly entered, and such discretion will not be reviewed by an appellate court. French Co.. v. Marx, 10 Misc. Rep. 384, 31 N. Y. Supp. 122. It was said in that case that:

"No party has a substantial right to have a regular judgment set aside on motion. He may be left to his right to show that the judgment is void in a proper action. Foote v. Lathrop, 41 N. Y. 358. It is in the discretion of the court in which the judgment is entered to set it aside, or to leave the defendant to set up its invalidity when an attempt is made to enforce it. People v. Brown, 103 N. Y. 684, 9 N. E. 327. These cases hold that an order in such a case is not reviewable in the court of appeals, and as our jurisdiction [the court of common pleas] from the city court is equally limited, we cannot review the order now before us."

In Foote v. Lathrop, above, a motion was made to set aside a judgment on the ground that the defendant was not served with process, and the appearance made for her was without authority. The court remarked that an attorney of the court had regularly appeared for her, and the judgment was in all respects apparently regular and valid. So this judgment was, on its face, regular and valid; and we must hold, as in that case, that, conceding all that is claimed by defendant on his motion, still it would rest in the discretion of the court whether to entertain a motion to vacate the judgment, or leave him to show that the judgment was void whenever an attempt is made to obtain any benefit thereunder.

It is claimed that the judgment was prohibited by section 1218 of the Code, above quoted, and therefore absolutely void. If so, defendant has a perfect answer to it when an attempt is made to enforce it. But the section of the Code cited does not make the judgment void. That section is directory, and is intended to prescribe that the 20 days within which an infant defendant must answer shall run from the appointment of his guardian ad litem, and not from the date of the service of the summons. It is the duty of the infant to appear by guardian appointed on his application, if he is over 14 years of age. Code, § 471. If he fail to have such an appointment made, and judgment is taken against him by default, it is discretionary with the court to relieve him upon motion, and that discretion we have no jurisdiction to review. It is also to be-

said that the order appealed from is not a final order, but an interlocutory one, and is therefore not reviewable; but, if it were a final order denying the motion to open the default, we would still be without jurisdiction to review it.

The appeal is dismissed, with costs and disbursements. All concur.