(13 App. Div. 111.)

PEOPLE ex rel. McKINNEY v. STINSON.

(Supreme Court, Appellate Division, Second Department. January 26, 1897.)

1. HABEAS CORPUS—DEMURRER—JUDGMENT ON PLEADINGS.
    The custody of an infant will be granted on the pleadings in a habeas corpus proceeding where relator's traverse to the return, which was not denied, alleges that defendant permitted the child to remain with another person, who was immoral, and the case is heard at defendant's request without taking testimony.

2. SAME—PLEADING—HEARING ON MERITS.
    In such case the order awarding the custody of the infant to relator does not preclude a subsequent hearing on the merits.

Appeal from special term, Kings county.

Habeas corpus by Daniel McKinney against Frances A. Stinson. From an order awarding the custody of a child to relator, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

John F. Clarke, for appellant.
William Sullivan, for respondent.

GOODRICH, P. J. · The relator is the maternal uncle of Sadie Stinson, a child four years of age. In 1892, the Sisters of St. Joseph, who had had the custody of the child since the death of its mother, and the absence of the father, confided the child to the custody of Mrs. Rinteln, the daughter of the appellant. In August, 1895, a judgment of divorce, on the ground of adultery, was entered against Mrs. Rinteln; and thereafter, in November, proceedings were taken by Mrs. Stinson, the appellant, under the adoption statute of 1873, before the county judge of Kings county, for an order authorizing her to adopt the child. In that proceeding, the relator, who described himself as the nearest relative of the child, as well as two uncles of the infant on the paternal side, consented to and approved the adoption of the child by Mrs. Stinson; and, by order of Judge Moore, the infant became the adopted child of Mrs. Stinson, and since that time has resided with her. All of these proceedings occurred over three months after the judgment of divorce, at which time it may be presumed that the relator had knowledge of the same, and of the fact that the divorce was granted on the ground of the adultery of Mrs. Rinteln. In April, 1896, the relator obtained a writ of habeas corpus directing Mrs. Stinson to produce the child. Mrs. Stinson filed her return, setting out the adoption proceedings, and especially the renunciation of the relator, McKinney. The relator traversed the return, denying the jurisdiction of the county judge in the adoption proceedings, and alleging that the adoption was obtained by false allegations, and "that since that time, however, and for some time previous thereto, the said child is in company or under the control of said Julia Rinteln (and not Frances A. Stinson), who has continued the same immoral conduct, as your petitioner is informed, up to the present time." It further alleges that Mrs. Rinteln is still living in open adultery with her paramour, and that the custody of Mrs. Stinson is really a cover for the control of the child by Mrs. Rinteln.

It appears by the order made in this proceeding that the respondent applied for a hearing and decision on the papers without taking testimony, and requested that no testimony should be taken. The argument was therefore had as upon a demurrer to pleadings, and the learned justice, in his opinion, stated that he was called upon to, and did, make the decision solely upon the papers. It follows that, with the legal admission of the truth of the allegations of the answer to the return, the learned justice could do nothing else than order a change of the custody of the child. It does not follow, however, that this custody should be continued. If upon a trial it shall appear that the allegation as to the control of the child by Mrs. Rinteln is not true, and that it is for the best interests of the child that it should remain in the custody of Mrs. Stinson under the order of adoption made by the county judge, the child can be taken from the relator, and given back to Mrs. Stinson. The court of appeals, in the case of People v. Brown, 103 N. Y. 684, 9 N. E. 327,

virtually held that the general term, in reversing an order of the special term dismissing a writ of habeas corpus, had power to direct a new hearing on the merits at special term, and that this was the effect of such reversal. No harm, therefore, can result from the affirmance of the order of the special term, as a new hearing on the issues raised can be had, where all the facts can be elicited, and the proper judgment be entered.

From the statements made on the argument, it would appear that the counsel for Mrs. Stinson fell into an error, and made his admissions or stipulations broader than he intended. If this be the fact, and she has any defense on the facts to the allegations contained in the traverse, she may apply to special term for leave to reopen the case for a hearing on the evidence. We have no reason to believe that, on a proper application, such privilege would be denied, for in this class of cases, especially, the determination must depend on the particular facts of each case.

The order is therefore affirmed, without costs, with leave to the defendant to apply to special term for a hearing on the facts. All concur.