(Surrogate's Court, New York County. December, 1899.)

COSTS—TAXATION—DEFEAT ON TECHNICALITY.

Where a plaintiff was defeated, on appeal, on a technicality, the court below, in entering judgment on the remittitur, should only tax such costs against him as were incurred in the appellate court.

Judicial settlement of the account of Elizabeth S. Baldwin, executrix of the estate of George N. Baldwin.

An action was brought by certain executors against the executrix herein on a claim against decedent. The county clerk entered judgment against the executrix in her representative capacity. An appeal was had to the general term (13 N. Y. Supp. 371), which decided that the judgment was unauthorized, but did not vacate the same; merely dismissing the appeal "without prejudice to an appeal from any judgment which may be hereafter entered." The surrogate decreed that the executrix pay the judgment, which decree was appealed to the general term. That court held (87 Hun, 372, 34 N. Y. Supp. 431) that the clerk, in entering judgment, was compelled to use judicial discretion, thereby rendering the judgment void, and hence its invalidity could be attacked collaterally, and reversed the decree. An appeal was then taken to the court of appeals. While the matter was pending there, the executors were removed by a court having jurisdiction, and an administrator c. t. a. appointed, who was not substituted, and on default of the executors the judgment of the general term was affirmed; the remittitur ordering that "the appeal be dismissed, under rule 15, with costs, and the record be remitted to the surrogate's court, there to be proceeded on according to law." Motion for a judgment on the remittitur, and that costs in all courts be taxed against plaintiffs. Granted as to costs on appeal.

Isaac N. Miller, for the motion.
George W. Stephens, opposed.

VARNUM, S.   I am constrained to follow the directions of the remittitur herein, and cannot pass on the question whether or not there should have been a substitution of the administrator cum testamento annexo for the executors petitioning herein, before the proceedings in the court of appeals were had and the default there taken, although it is possible that section 756 of the Code would not apply to this proceeding, because of the provisions of subdivision 6 of section 3347.   The order of the appellate division, therefore, will be effectuated by the judgment and decree of this court in accordance with the remittitur from the court of appeals, and costs and disbursements in those courts will be allowed and taxed against the petitioning executors, as such, upon the settlement of the decree.   Such decree may be presented, settling the account of the excutrix as filed. I shall not, however, allow her costs in this court, but only her disbursement for referee's fees herein, namely, $180.   This is because the petitioners have been defeated on a technicality.   Clason v. Baldwin (Sup.) 13 N. Y. Supp. 371, and proceedings in this accounting. In the case cited it is said that "the facts found by the referee" established prima facie the liability of the executrix herein to the claim sought to be enforced against her in this proceeding; and, under the circumstances, I do not feel that the petitioning executors should be charged with costs in this court.   The directions of the appellate courts only cover costs in those courts.   In re 'Water Com'rs of Amsterdam, 104 N. Y. 677, 10 N. E. 545; Broadway Sav. Inst. of New York City v. Town of Pelham, 148 N. Y. 737, 42 N. E. 722.   Decreed accordingly.