ARTHUR S. BARTLETT, Respondent, *v.* MAURICE LUNDIN, Appellant, Impleaded with CHARLES A. GOODNOUGH and Others, Defendants.

In the Matter of Proceedings to Compel JOHN T. BUCKLEY, Respondent, to Complete the Purchase of Premises Described in the Judgment Herein.

Third Department, March 6, 1918.

**Mortgage — foreclosure — consent to application for judgment to justice of Supreme Court out of court under section 1214 of Code of Civil Procedure.**

Where in an action to foreclose a mortgage, the summons and complaint were duly served upon all of the defendants personally, and all but one defaulted in appearance, and that one appeared by his attorneys but defaulted in answering, and thereafter gave the plaintiff's attorney a written waiver upon the back of the notice of appearance that " notice of application for reference and judgment of foreclosure and sale is

hereby waived " said waiver constituted the consent required by section 1214 of the Code of Civil Procedure to make the application for judgment to a justice of the Supreme Court out of court.

APPEAL by the defendant, Maurice Lundin, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 4th day of December, 1917, denying his motion to compel John T. Buckley to complete his purchase on the foreclosure sale herein.

*Augustus Babcock,* for the appellant.

*R. B. Richards,* for the plaintiff, respondent.

*McManus & Buckley* [*John T. Buckley* of counsel], for the respondent Buckley.

WOODWARD, J.:

If we leave out of consideration what the law used to be, and confine our attention to what the law is, the most of the difficulties presented upon this appeal vanish. This action was brought to foreclose a certain mortgage upon premises in the city of Binghamton, against Charles A. Goodnough, Blanche L. Goodnough, his wife, Maurice Lundin and Clara Lundin, his wife. Goodnough was the owner of the premises and the maker of the mortgage. Subsequent to the making of the mortgage Goodnough sold the premises to Maurice Lundin, subject to the lien of the mortgage, which the latter assumed and agreed to pay. The summons and complaint were duly served upon all of the defendants personally within the State of New York, and all of them, with the exception of Maurice Lundin, defaulted in appearance. Mr. Lundin appeared by his attorneys and demanded in such notice of appearance notice of all subsequent proceedings in the action, and then defaulted in answering. After the other defendants had defaulted, the attorneys of Mr. Lundin gave to the plaintiff's attorney a written waiver upon the back of the notice of appearance, that " Notice of application for reference and judgment of foreclosure and sale is hereby waived; " and the principal question involved on this appeal is whether this constituted the consent required by section 1214 of the Code

of Civil Procedure, under the circumstances of this case, to make the application for judgment to a justice of the Supreme Court out of court.

Mr. Lundin, the owner of the equity of redemption, was the only defendant who appeared; was the only defendant who had any right to consent or refuse to consent to the application being made to a justice of the Supreme Court out of court, and he is now before this court appealing from the order which denied the motion to compel the purchaser at the sale of the mortgaged premises to complete his purchase, and he insists that his waiver, through his attorneys, operated as the consent which the statute provides. The purchaser at the sale, in support of the order, urges that there was a failure to comply with the provisions of the Code of Civil Procedure above cited, and that this is fatal to the judgment, and that the title offered him is not merchantable. The plaintiff in the action does not appeal from the order.

There is no question raised that the defendants were all of full age, or that they were duly served with process in the manner provided by law, or that there was any failure to comply with all of the conditions of section 1214 of the Code of Civil Procedure, except as to the last clause, which provides that " if one or more of the defendants have appeared, and one or more defendants have failed to appear, then the application for judgment must be made to the court, unless the defendants who have appeared consent to the making of such application to a judge or justice out of court." Mr. Lundin says he did consent; that his waiver of " notice of application for reference and judgment of foreclosure and sale " had the effect of withdrawing his appearance, so that the case comes practically within the first clause of section 1214 of the Code of Civil Procedure. This provides that " where the summons was personally served upon the defendant, within the State, and he has made default in appearing, or where the defendant has appeared, but has made default in pleading; * * * the plaintiff may apply to the court, or to a judge or justice thereof out of court, for judgment." In this case three of the defendants had failed to appear at at all; Mr. Lundin was the only one to appear, and he defaulted in pleading, following this by a waiver as to the future steps

to be taken, and if this did not constitute a consent to proceed as though he had failed to appear at all, what was its effect? This waiver in writing was intended to have some effect. The statute does not seem to require any particular mode of giving consent, and the word " consent " is often used as synonymous with " assent." (See Webster's International Dictionary, " Assent.") When Mr. Lundin waived his rights in the action in reference to the " notice of application for reference and judgment of foreclosure," he practically consented to the same rule which the statute provides in the case of default on the part of all defendants, and just how the purchaser at the foreclosure sale can question this consent, as against the defendant Lundin, we are unable to understand.

From the case of *Bissell* v. *N. Y. C. R. R. Co.* (67 Barb. 385) it has been held that an omission to apply to the court for judgment, where such application is necessary to the entry of judgment, is an irregularity only and does not render the judgment void; the remedy is by motion to set aside the judgment, not by appeal.. (*Hinds* v. *Kellogg*, 37 N. Y. St. Repr. 356, 359, and authorities there cited; affd., 133 N. Y. 536; *Matter of Baldwin*, 87 Hun, 372, 375; *Bissell* v. *N. Y. C. R. R. Co.*, 67 Barb. 385, 389, and authorities there cited.) Here there was an application to a justice of the Supreme Court out of court, under a waiver of notice of application for reference and judgment, with an evident intent to consent to the entry of such judgment as the pleadings justified, and Mr. Lundin having waived his right to all notice must be deemed to have consented to the practice which was followed, particularly as he does not now make any suggestion that the judgment is not regular and binding upon him. The other defendants are all in default and could have no standing to question this consent, for the statute merely requires the consent of the defendant who has appeared. The provision is for his protection, and having once waived his rights in this respect, he cannot be heard subsequently to question such waiver. (*Mayor, etc.,* v. *M. R. Co.*, 143 N. Y. 1, 26.) In *Sentenis* v. *Ladew* (140 N. Y. 463, 466) it is said, " a party may waive a rule of law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no con-

siderations of public policy or morals are involved, and having once done so he cannot subsequently invoke its protection."

In the case of *Hinds* v. *Kellogg* (*supra*), after laying down the proposition that it was merely an irregularity to fail to make application to the court for the entry of judgment, the court say that " so long as the judgment is permitted to stand its validity is in no wise affected or impaired because of any informality in the entry thereof. (Code of Civil Procedure, § 721, subd. 11.) Such informality may be waived also by express stipulation, or by conduct which precludes the party from taking advantage thereof. An adoption of the judgment for the purposes of an appeal upon the merits of the controversy thereby determined constitutes such a waiver, as the appellant cannot assert the validity of the judgment on such appeal, and at the same time assert its invalidity because of a mere informality in its entry." Obviously, the conduct of the only defendant who appeared in the action is such as to waive the alleged informality, and as the provision was one for his benefit he is estopped from asserting any other right than such as he now seeks to vindicate upon this appeal.

Of course, if the question was one of jurisdiction, there would be a different problem; but here the court had jurisdiction of the subject-matter and of the parties. The only question is one of irregularity, and, as we have seen, this does not invalidate the judgment, and all of the parties are in such a position that they cannot question its validity, and there can be, therefore, no question as to the merchantability of the title which is offered to the purchaser at the sale.

The order of the Special Term should be reversed, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

All concurred; LYON, J., not sitting.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.