EDWARD C. KLINE, Plaintiff, *v.* HAROLD D. SNYDER and Others, Defendants.

Supreme Court, Schenectady County, October 26, 1928.

*Swanker & Ham,* for the plaintiff.

*William Rooney,* for Streever Lumber Company.

GOLDSMITH, J. This action was instituted in the Supreme Court to foreclose a mortgage upon real property situated in the town of Glenville, Schenectady county. The mortgaged premises

were wholly without the boundaries of a city or a village of the first class. The Streever Lumber Company of Ballston Spa, N. Y., was a judgment creditor of the mortgagor and was made a party defendant to the action. Through its attorney this defendant accepted service of a copy of the summons and complaint herein and in due time served a notice of appearance upon the plaintiff's attorneys, demanding notice of all subsequent proceedings. None of the other defendants appeared and the Streever Lumber Company defaulted in pleading. The action was prosecuted through judgment and sale without notice to the Streever Lumber Company, the premises being bid in by the plaintiff. The judgment recites that " the Streever Lumber Company consented to the entry of judgment herein."

Upon this motion the Streever Lumber Company challenges the power of the Schenectady county judge to grant judgment in an action to foreclose a mortgage pending in the Supreme Court. The plaintiff relies upon the authority vested in a county judge by section 77 of the Civil Practice Act. This section reads: " A county judge within his county possesses and upon proper application must exercise the power conferred by law in general language upon an officer authorized to perform the duties of a justice of the supreme court at chambers or out of court."

This is not a case where the clerk can enter judgment as provided in sections 486 and 487 of the Civil Practice Act. Sections 489 and 491 of the Civil Practice Act govern the procedure in this action. These sections read:

" § 489. Where the summons was personally served upon the defendant within the state and he has made default in appearing, or where the defendant has appeared but has made default in pleading, and the case is not one where the clerk can enter final judgment, as prescribed in sections four hundred and eighty-six and four hundred and eighty-seven of this act, the plaintiff may apply to the court or to a judge thereof for judgment."

" § 491. If one or more of the defendants have appeared and one or more defendants have failed to appear, an application by a plaintiff for judgment by default must be made to the court unless the defendants who have appeared consent to the making of such application to a judge out of court."

Sections 489 and 491 were respectively the first and last sentences of section 1214 of the Code of Civil Procedure but they were re-enacted into separate sections of the Civil Practice Act with substantially no change. The second sentence of section 1214 became rule 189 of the Rules of Civil Practice and specifies the

proof required upon a default where application must be made to a court or a judge.

In the present case only one of several defendants appeared. Section 491 became applicable. The subsequent consent, however, to entry of judgment herein by this defendant was in effect the withdrawal of its appearance and was authority to the plaintiff to proceed as though said defendant had not appeared at all. This action of the defendant brought the case within the provisions of section 489 and gave the plaintiff the right to apply for judgment pursuant to the requirements of said section. This construction has the sanction of *Bartlett* v. *Lundin* (182 App. Div. 117), a case decided in the Third Department involving the foreclosure of a mortgage. That decision was under the Code of Civil Procedure but an examination of the revisers' notes and of related sections of the Civil Practice Act indicates that the splitting up of the section was for form and arrangement rather than for any change in meaning or application.

Section 489 permits the application to be made to " the court or to a judge thereof." This language clearly expresses the legislative intent to confine the power to grant judgment to the court in which the action is pending or to a judge of that court The same language has received a similar construction in *Larkin* v. *Steele* (25 Hun, 254; cited with approval in *Longstreet* v. *Sawyer*, 15 N. Y. Supp. 608). While consent to entry of judgment as provided by section 491 permits the plaintiff to make application to a judge out of court, the limitations imposed by section 489 require that such judge be a judge of the court in which the action is pending. The general grant of power given to a county judge by section 77, clothing him with authority to perform certain duties of a justice of the Supreme Court at chambers or out of court, cannot prevail in view of the special provision of section 489 in relation to an application for judgment. (*Larkin* v. *Steele, supra.*) These conclusions are sufficient to establish that the Schenectady county judge was without power to grant the judgment herein. Other reasons have been urged but they need not be considered at this time.

The moving papers dispute the statement in the judgment that consent to its entry was given by the Streever Lumber Company. Whether or not such consent was given is unnecessary to determine in passing upon the validity of the judgment. With or without consent to the entry thereof, the Schenectady county judge had no power to grant this judgment and it is unauthorized upon its face.

It also appears that statutory publication of notice of sale was given for only a period of three weeks, whereas section 986 of the Civil Practice Act provides that where the premises sold are entirely

without the boundaries of a city or of an incorporated village of the first class, such publication must be made for a period of at least six weeks in accordance with the provisions of section 712 of the Civil Practice Act. In view, however, of the decision reached herein, the effect of the failure to publish in compliance with the law will not be discussed.

The Streever Lumber Company as a judgment creditor has more than a nominal interest in this action and the court should entertain its motion to vacate the judgment herein. The limitation of one year upon a motion to vacate a judgment as provided by section 521 of the Civil Practice Act has no application to this case. The entry of this judgment was not a mere irregularity. (*Greenfield* v. *Greenfield*, 215 App. Div. 504; *Manhattan Beach Company* v. *Bonner*, 123 Misc. 441.) The Schenectady county judge was without power to grant judgment in an action to foreclose a mortgage pending in the Supreme Court and the judgment was wholly unauthorized. The judgment and sale and all subsequent proceedings in the action should be vacated.

Motion granted to vacate the judgment of foreclosure and sale and all subsequent proceedings herein, with ten dollars costs of motion.

Settle order upon notice.